UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DON MURPHY,

                  Petitioner,                                   Case Number 15-11693

v.                                                    Honorable David M. Lawson

DAVE FENBY,

                  Respondent,

_____/

**OPINION AND ORDER DENYING MOTION TO STAY AND
HOLD IN ABEYANCE PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Don Murphy, presently confined at the Carson City Correctional Facility, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Currently pending before the Court is the petitioner's motion to stay and hold his habeas petition in abeyance in order to pursue seven new alleged constitutional violations in state court. However, Murphy has time to do so before the statute of limitations expires on his right to file a petition under section 2254. Therefore, the Court will deny his motion to hold his petition in abeyance. But now, he has a choice to make: he can proceed with the present petition as filed, but if he does so he may be prevented from raising additional issues later in a second petition. Or he may dismiss his petition without prejudice, return to state court to file a post-conviction motion, and then file a new habeas petition later, raising all his issues, if he loses in state court. The filing clock stops ticking while a properly-filed motion for post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). Either way, he must elect.

I.

Murphy was convicted in Oakland County, Michigan circuit court of three counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, four counts of possession of a firearm during the commission of a felony, second offense, Mich. Comp. Laws § 750.227b, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and assault with intent to commit great bodily harm, Mich. Comp. Laws § 750.84. He was sentenced on January 8, 2013 to prison terms totaling 30 to 80 years.

Murphy filed a claim of appeal arguing that his constitutional right to confrontation of a witness was violated and that he was denied a fair trial where the prosecution was allowed to present testimony alleging that Murphy sought to bribe the main complainant in the case. The Michigan Court of Appeals affirmed his conviction, *People v. Murphy*, No. 314333, 2014 WL 1515419 (Mich. Ct. App. Apr. 17, 2014), and the state supreme court denied leave to appeal on February 3, 2015, *People v. Murphy*, 497 Mich. 953, 858 N.W.2d 426 (2015) (Table).

Murphy's habeas petition raises the same two grounds for relief as set out in his state court of appeals appeal. On November 9, 2015, the petitioner filed a motion asking the Court to stay his habeas proceeding while he exhausts his state court remedies for additional claims that he did not present to the state courts during his direct appeal. Those claims, he says, were discovered after the filing of his petition. Murphy now asks that the Court hold his petition in abeyance so that he can return to state court to exhaust seven new claims. Murphy argues (1) that his trial counsel was ineffective by failing to raise clear federal and state constitutional issues; (2) that his trial counsel was ineffective by misleading important witnesses prompting them to give damaging testimony against him; (3) that the trial court denied him the right to confront a witness by admitting prior

recorded testimony of a witness; (4) that his appellate counsel was ineffective by failing to challenge his conviction for assault with intent to commit great bodily harm less than murder; (5) that his appellate counsel was ineffective by failing to challenge the sentencing judge's decision to exceed the guidelines or for failing to state the reason for doing so; (6) that his appellate counsel was ineffective by failing to raise issues regarding the cumulative effect of three errors at trial which impacted the question of identification; and (7) that his appellate counsel was ineffective by failing to raise that Murphy was never arraigned on the more serious charge of assault with intent to murder. But Murphy has not shown that he would lack sufficient time under 28 U.S.C. § 2244(d) to re-file a fully exhausted petition, if his original petition is dismissed without prejudice. The Court therefore will deny the petitioner's motion.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)). A Michigan petitioner must present

each ground to both Michigan appellate courts before seeking federal habeas relief.  *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The petitioner bears the burden of showing that state-court remedies have been exhausted.  *Rust v. Zent*,  17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).

A prisoner must exhaust his state court remedies on his claims as long as there still is a state-court procedure available for him to do so.  *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003).  In this case, Murphy may file a motion for relief from judgment in the Wayne County Circuit Court under Michigan Court Rule 6.502; there is still time to do so.  If that motion is denied, he may seek review by the Michigan Court of Appeals and the Michigan Supreme Court by filing an application for leave to appeal.  Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.  *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

A habeas corpus petition must be filed within one year of the date a prisoner's conviction becomes final.  28 U.S.C. § 2244(d)(1).  The Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)).  A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless."  *Rhines,* 544 U.S. at 278.

But Murphy has not shown that he lacks enough time to file and obtain rulings on his anticipated post-conviction motions.  A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a later, exhausted habeas petition would be time barred by the AEDPA's statute of limitations.  *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).  In this case, however, the timing favors the petitioner.  The Michigan Supreme Court denied the petitioner's application for leave to appeal on February 3, 2015.  The petitioner's convictions then became final ninety days later, on May 4, 2015, when the time during which he could have filed a petition for a writ of certiorari in the United States Supreme Court expired.  The one-year limitations period commenced the following day, May 5, 2015.  *See Bronaugh v. Ohio*, 235 F.3d 280, 284–85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions).  The petitioner filed the pending motion on November 9, 2015, almost six months before the expiration of the limitations period on May 5, 2016.  Assuming that the petitioner promptly files an appropriate post-conviction motion in the state court, the remaining portion of the limitations period should allow him ample time to re-file his petition including the exhausted and unexhausted claims, after the conclusion of any proceedings on his motion in the state trial and appellate courts, because "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  "[A] post-conviction or collateral proceeding toll[s] the [AEDPA] statute of limitations, but does not restart it."  *Anderson v. Brunsman*, No. 11-3784, --- F.3d ---, 2014 WL 1388837, at *3 (6th Cir. Apr. 10, 2014) (citing 28 U.S.C. § 2244(d)(2)).

III.

Accordingly, it is **ORDERED** that the petitioner's motion to stay and hold the petition in abeyance [dkt. #6] is **DENIED**.  The Court advises the petitioner that if he does not desire to have the Court adjudicate his original petition as filed, then he may seek a dismissal without prejudice of the original petition.

It is further **ORDERED** that if the petitioner desires to voluntarily dismiss his petition, then he must do so **on or before December 11, 2015**.  If the petitioner does not voluntarily dismiss the petition on or before that date, then the Court will proceed to adjudicate the petition as filed.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   November 16, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 16, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI

---